Curia per
Johnson, J.
It is well settled that interest will not follow as a necessary legal consequence on an open unliquidated demand. Goddard vs. Bulow, 1 Nott and M’Cord 57. But the question arising in this case is controuled by another rule of equal authority. It is, that when a tenant holds over after the expiration of the lease, with the tacit consent of the landlord, the law implies an agreement on the part of the landlord that he will let, and on the part of the tenant that he will hold on the terms of the expired lease; (per Lord Mansfield in Right v Darby, 1 Term Rep. 162.) Thus substituting the contract with respect to the term which is past for that which is to come, not merely in form, but according to its substance and legal effect. It follows, that if by any express covenant or *60 by a legal consequence contained in, or arising out of, tiie expired lease, the defendant was bound to pay interest on rent in arrear, he is under the same liability with.respect to the term for which he held oyer. In this case, by an express covenant in the expired lease, the rent was payable at the end of the year, and the sum being ascertained and liquidated would carry interest from the time fixed for its payment as a legal consequence, and according to the rule laid down, the plaintiif was entitled to recover interest on the annual balances on account of rent which be - came due in consequence of his holding over.

Motion granted.